**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERIN CROCKETT,** | : | **Civil Action No.** |
| 620 N Moss Street | : | |
| Philadelphia, PA 19139 | : | |
|     Plaintiff, | : | |
| | : | |
|   v. | : | **Complaint and Jury Demand** |
| | : | |
| **DTC TRADING INC. d/b/a** | : | |
| **BUW HUMAN HAIR COMPANY,** | : | |
| 2437 S 24th Street, Suite 10 | : | |
| Philadelphia, PA 19145 | : | |
|     Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Erin Crockett (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against DTC Trading Inc. d/b/a BUW Human Hair Company (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant DTC Trading Inc. d/b/a BUW Human Hair

Company is a human hair factory store with a location and corporate headquarters located at 2437 S 24th Street, Suite 10, Philadelphia, PA 19145.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII, the PHRA and the PFPO.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on September 11, 2025, alleging race discrimination and disparate pay against Defendant.

14. The Charge was assigned a Charge Number 530-2025-09827 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated September 19, 2025.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA and PFPO claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## **MATERIAL FACTS**

### **PLAINTIFF'S EMPLOYMENT HISTORY**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is a Black female.

21. In or around October 2022, Defendant hired Plaintiff in the positions of Customer Service Representative and Content Creator.

22. At all times, Plaintiff, a resident of Philadelphia, PA, worked in or around Philadelphia County.

23. Plaintiff was well qualified for her positions and performed well.

24. Due to Plaintiff's exemplary performance, Defendant consistently assigned her additional responsibilities, including training and managerial duties.

25. Despite these additional duties, Defendant failed to provide Plaintiff with appropriate promotions or compensation.

### **DEFENDANT PROMISED PLAINTIFF A RAISE, BUT DID NOT ISSUE IT TO HER**

26. In or around January 2025, Defendant verbally promised Plaintiff an immediate raise and an additional raise a few months later.

27. Plaintiff received the first raise but never received the second raise.

### **PLAINTIFF COMPLAINED ABOUT NOT RECEIVING HER PROMISED RAISE**

28. In or around March 2025, Plaintiff complained about not receiving her second promised raise to ownership.

29. However, ownership ceased communicating with Plaintiff as a result.

30. Plaintiff subsequently raised the issue with her manager, who brought it up to another Owner.

### DEFENDANT INFORMED PLAINTIFF THAT IT WOULD ISSUE HER THE PAY RAISE

31. In response, Plaintiff was told that she would receive a $1 per hour raise every six (6) months beginning at the end of June 2025.

### PLAINTIFF RECEIVED THE PAYRAISE, BUT IT WAS IMPROPERLY IMPLEMENTED

32. However, when Plaintiff received her last paycheck, she discovered that her pay had been split between her old and new payrate, and that she had been taxed twice.

### PLAINTIFF WAS TERMINATED AFTER TAKING TWO (2) APPROVED DAYS OFF

33. Plaintiff requested and was approved for two (2) days off on July 14 and July 15, 2025.

34. Upon returning to work on or about July 16, 2025, Defendant abruptly terminated Plaintiff without explanation.

### DEFENDANT ENGAGED IN RACIALLY DISCRIMINATORY PRACTICES THROUGHOUT PLAINTIFF'S EMPLOYMENT

35. Defendant's ownership is Chinese.

36. Notably, Defendant engaged in discriminatory practices by permitting only Black employees, including Plaintiff, to appear on social media and marketing materials to create a false impression that the business was Black-owned.

37. Defendant continues to post Plaintiff's image on social media for advertising purposes despite terminating her employment.

38. Further, Defendant's management team consists exclusively of Chinese/Asian individuals, with no Black employees in managerial roles.

39. Each store employs approximately 30 employees, and in total, Defendant employs about seven (7) individuals in management roles, all of whom are non-Black.

40. At all times, Plaintiff performed her job duties satisfactorily.

41. Defendant's proffered actions—including denying Plaintiff's promised raises, ignoring her complaints, exploiting her image, and terminating her employment without cause were motivated by her race.

42. Defendant discriminated against Plaintiff due to her race, denied her equal pay and promotional opportunities in violation of Title VII, the PHRA and the PFPO.

43. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

### COUNT I – RACE DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

44. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

45. Plaintiff is a member of protected classes in that she is Black.

46. Plaintiff was qualified to perform the job for which she was hired.

47. Plaintiff suffered adverse job actions, including, but not limited to termination.

48. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

49. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

50. Defendant discriminated against Plaintiff on the basis of her protected class.

51. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

52. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

53. Defendant's conduct was willful or performed with reckless disregard to her federal statutory rights.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – DISCRIMINATION BASED ON RACE
### PENNSYLVANIA HUMAN RELATIONS ACT

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

55. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her protected class (Black).

56. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – DISCRIMINATION BASED ON RACE
### PHILADELPHIA FAIR PRACTICES ORDINANCE

57. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

58. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her protected class (Black).

59. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Erin Crockett, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII, the PHRA and the PFPO.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                                  **RESPECTFULLY SUBMITTED,**

                                  **KOLLER LAW, LLC**

Date: December 18, 2025      **By:**   ***/s/David M. Koller***
                                              David M. Koller, Esquire
                                              Jordan D. Santo, Esquire
                                              2043 Locust Street, Suite 1B
                                              Philadelphia, PA 19103
                                              215-545-8917
                                              davidk@kollerlawfirm.com
                                              jordans@kollerlawfirm.com

                                              *Counsel for Plaintiff*